United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) |
| Eduardo Suarez Villa, Defendant. | ) ) ) |

Criminal Case No. 17-20656-CR-Scola

### **Order Denying Defendant's Motion for Compassionate Release**

  Before the Court is Defendant Eduardo Suarez Villa's motion for compassionate release. For the reasons set forth below, the Court **denies** the motion (**ECF No. 135**).

  Suarez Villa pleaded guilty, in November 2017, to one count of a three-count indictment which charged him with conspiracy to possess with the intent to distribute 5 kilograms or more of a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).

  On April 4, 2018, Suarez Villa was sentenced to 120 months in prison.

  On April 5, 2018, Suarez Villa filed a notice of appeal but the appeal was dismissed on September 4, 2018 based upon a filing of a notice of voluntary dismissal.

  On July 19, 2021, Suarez Villa filed a motion for a 5k1.1. sentence reduction in which he claimed he had provided substantial assistance to the Government.

  On August 6, 2021, the Government filed its response in which it informed the Court that Suarez Villa was untruthful in his attempt to cooperate and, thus, had not provided substantial assistance to the Government.

  On August 6, 2021, the Court entered a paperless order denying Suarez Villa's motion for 5k1.1 sentence reduction.

  On November 15, 2021 Suarez Villa filed this motion for compassionate release in which he claims:

    a. He exhausted his administrative remedies because he filed a request for home confinement/compassionate release with the warden in September 2021 and the warden denied that request in September 2021;

  b. He has already contracted COVID and has been vaccinated but is concerned about a breakthrough infection;
  c. He recently lost his father leaving his mother alone with no one to assist her as she ages and suffers from her own medical conditions (not specified in the motion);
  d. His wife suffers from episodes of 'status epilepticus' and suffers severe seizures. As a result, his wife is unable to support herself or their minor children, ages 14 and 10;
  e. The conditions of his confinement due to COVID restrictions are particularly harsh and irreparable harm to him is inevitable;
  f. He was untruthful in his cooperation and only gave information he felt 'safe' giving.

 On December 17, 2021, the Government filed a response (ECF No. 138) in which it claims the following:
  a. Suarez Villa has not exhausted his administrative remedies;
  b. He has failed to establish extraordinary and compelling circumstances;
  c. The Court does not have the authority to grant relief under USSG § 1B1.13(1)(D);
  d. He would not be released if the Court granted his motion but would be turned over to ICE for deportation to Ecuador; and,
  e. Section 3553 factors militate against his premature release.

 Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Carstea's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

 Assuming without deciding that he has exhausted administrative remedies, the Court nonetheless finds Suarez Villa is not entitled to early release. Even if the medical condition of his wife constitutes extraordinary and compelling circumstances, consideration of the Section 3553 factors militates against release. Suarez Villa was on a vessel with over 1100 kilograms of cocaine, an astounding amount of cocaine even by South Florida standards. Suarez Villa had the opportunity to cooperate with the Government and chose to be untruthful. Suarez Villa has only served a little over 40% of his ten-year

sentence. In order to promote respect for the law, punish this defendant, and deter others, denial of the motion is warranted.

Accordingly, the Court **denies** Suarez Villa's motion for compassionate release (**ECF No. 135**).

**Done and ordered** at Miami, Florida, on December 20, 2021.

_____
Robert N. Scola, Jr.
United States District Judge